J-S36040-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| D.D.K., | : | |
| | : | |
| Appellant | : | No. 190 WDA 2015 |

Appeal from the PCRA Order Entered December 8, 2014
in the Court of Common Pleas of Jefferson County,
Criminal Division, at No(s): CP-33-CR-0000074-2006
and CP-33-CR-0000075-2006

BEFORE:    PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 28, 2015**

D.D.K.[1] (Appellant) appeals *pro se* from the December 8, 2014 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2006, a jury convicted Appellant at the above two docket numbers of 89 counts of various crimes, including rape and incest, committed upon his minor daughters.  In 2007, Appellant was given an aggregate sentence of 220 to 440 years of imprisonment.  Appellant's judgment of sentence became final in 2009, after this Court found no merit to the issues raised on his direct appeal, and our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. D.D.K.***, 970 A.2d 471 (Pa. Super. 2009)

---

[1] Pursuant to Superior Court I.O.P. 424, we do not include Appellant's name to protect the confidentiality of the minor victims.

*Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum), *appeal denied*, 981 A.2d 218 (Pa. 2009). Appellant's first PCRA petition was denied after a hearing, this Court affirmed, and our Supreme Court again denied his petition for allowance of appeal. ***Commonwealth v.*** [***D.D.K.***], 34 A.3d 226 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 40 A.3d 120 (Pa. 2012).

On October 20, 2014, Appellant filed at both docket numbers the petition that is the subject of the instant appeal. Because the petition appeared to be untimely filed, the PCRA court issued notice of its intent to dismiss the petition without a hearing, and Appellant filed a response. On December 8, 2014, the PCRA court entered an opinion and order denying Appellant's petition based upon lack of jurisdiction. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises three issues on appeal; however, we need only address the first: "Did the trial court abuse its discretion by denying Appellant's PCRA petition, by deciding that [the] appellate court's decision on new precedent case law, did not meet the standard for after discovered evidence?" Appellant's Brief at VI (unnecessary capitalization omitted).

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f

a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. Exceptions exist if the petition alleges, and the petitioner proves, that one of the following exceptions to the time for filing the petition is met:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). Further, for an exception to apply, the claim must be raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(c).

It is clear that Appellant's 2014 petition is facially untimely: his judgment of sentence became final in 2009. Appellant alleges that his petition meets a timeliness exception because the decisions in *Alleyne v. United States*, ––– U.S. –––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and

***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc)*, constitute after-discovered evidence that was not available at the time of Appellant's trial. ***See*** PCRA Petition, 10/20/2014, at 5 (pages unnumbered); Appellant's Brief at 5.

Appellant's argument is meritless. After-discovered evidence is a substantive claim which may entitle a petitioner to PCRA relief; it is not one of the exceptions to the one-year time bar. ***See*** 42 Pa.C.S. § 9543(a)(2)(vi) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: … That the conviction or sentence resulted from one or more of the following: … The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.").[2]

Assuming that Appellant intended to use the ***Alleyne*** and ***Newman*** cases as the bases for the newly-discovered-facts exception to the timeliness requirement, that claim is unavailing: "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts

---

[2] Further, Appellant offers no explanation of how the ***Alleyne*** and ***Newman*** decisions constitute "evidence," exculpate him, or would lead to a different outcome at trial. ***See***, ***e.g.***, ***Commonwealth v. Carbone***, 707 A.2d 1145, 1148 n. 6 (Pa. Super. 1998) ("[T]o sustain a collateral petition for a new trial on the basis of after-discovered evidence, the evidence must have been unavailable at trial, it must be exculpatory, and it must be of such a quality that it would change the outcome of the trial.").

which would invoke the protections afforded by section 9545(b)(1)(ii)."
***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013) (citing
***Commonwealth v. Watts***, 23 A.3d 980, 986 (Pa. 2011)). Moreover,
Appellant cannot utilize the decisions to satisfy the section 9545(b)(1)(iii)
exception because neither Supreme Court has held that ***Alleyne*** applies
retroactively to cases on collateral review, and ***Newman*** is not even a
decision of one of the Supreme Courts.

Appellant's PCRA petition was filed more than one year after his
judgment of sentence became final and there is no applicable timeliness
exception alleged. Accordingly, the PCRA court properly dismissed the
petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/28/2015

- 5 -